UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALKYN LUOUXMONT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID STEINER,<br><br>　　　　　Defendant. | Case No. 25-cv-08522-TSH<br><br>**ORDER DENYING REQUEST TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 3 |

On October 6, 2025, Plaintiff Falkyn Luouxmont filed a request for appointed counsel, stating he needs a court-appointed attorney "to formulate the complexities for me in this case properly. The original appellate decision was flawed due to a misnamed claim and therefore is a need to amend the original claim." ECF No. 3.

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants. *Id.* (citation omitted). "To obtain appointment of pro bono counsel, a litigant must be proceeding in forma pauperis ('IFP') and lack the financial resources to retain counsel." *Swapna v. Deshraj*, 2017 WL 3721444, at *1 (N.D. Cal. Aug. 29, 2017) (citing *Palmer*, 560 F.3d at 970 ("a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)"). "When determining whether 'exceptional circumstances' exist, a court considers 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; rather, they must be viewed together. *Id.* (citation omitted). Additionally, to be eligible for appointed counsel,

1   an indigent plaintiff must first make "a reasonably diligent effort to secure counsel." *Bailey v.*
2   *Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (citing *Bradshaw v. Zoological Soc'y of San*
3   *Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981)).

4       At this early stage in the litigation, the likelihood of Plaintiff's success on the merits is
5   unclear, and he has sufficiently articulated his claims pro se. The issues do not appear to be
6   unduly complex, and there is no indication that discovery in this action is so complex as to require
7   appointment of counsel. Further, the Court notes Plaintiff has brought cases in this District in the
8   past without seeking the assistance of counsel, *see, e.g., Luouxmont v. Clum et al.*, 4:23-cv-04248-
9   HSG, and there is no indication he would be unable to do the same here. Plaintiff's request is
10  therefore denied without prejudice to the Court's sua sponte appointment of counsel should
11  circumstances so require.

12      Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by
13  the Justice & Diversity Center of the Bar Association of San Francisco. You may request an
14  appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center,
15  you will be able to speak with an attorney who may be able to provide basic legal help but not
16  representation. More information is available at http://cand.uscourts.gov/helpcentersf.

17      Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants*
18  *Without a Lawyer*. It provides instructions on how to proceed at every stage of your case,
19  including discovery, motions, and trial. The handbook is available in person at the Clerk's Office
20  and online at: http://cand.uscourts.gov/prosehandbook.

21      **IT IS SO ORDERED.**

23  Dated: October 7, 2025

THOMAS S. HIXSON
United States Magistrate Judge